## Case No. 13,214.

### SPARROW v. MUTUAL BEN. LIFE INS. CO.

Circuit Court, D. Massachusetts. April, 1873.

INSURANCE — LIFE — INTERROGATORIES—TRUTH OF ANSWERS—MISREPRESENTATIONS—ACTS OF AGENT—ESTOPPEL.

Before SHEPLEY, Circuit Judge. This was an action upon a life insurance policy. The validity of the policy was made dependent upon the truth of the answers to the inquiries contained in the application. The insured was inquired of in the same interrogatory as to prior insurance, other insurance, and also if he had insurance upon his life in other companies, in what companies, and to what amount. The answer was, "Yes; 5000, under policy 17,990." It appeared in evidence that the insurers, a New Jersey corporation, had a general agent in Boston for Massachusetts, who had supervision over the other agencies within the state, and appointed subagents, whose duty it was to submit to applicants for insurance certain questions, and to see that they were answered. This subagent solicited the insured, at the place of business of the latter, to make application for insurance, and took down from the dictation of the insured all of the answers, except the number of the policy, which was inserted by the clerk of the subagent at the latter's direction; the information having been obtained from the records in the office, and all having been done after the signature of the insured was made to the application. The answer was untrue as to the amount of other insurance, and incomplete as to the offices in which it was placed. It was held to be a question of fact for the jury, as to each particular act in the negotiation, whether the agent, who might be acting now for the company, and now for the insured, was in fact acting for the one or the other; and the responsibility of each particular act or declaration would rest with that party for whom the agent acted in the matter, and under whose direction and control, as to that particular matter, he might be.

In the same case, where the answer, in the making of which the agent of the company intervened, was untrue and incomplete, the defendant requested the court to instruct the jury that if the insured accepted the policy with the knowledge that the answers to the several questions were as they appeared at the trial, he was bound by them, whatever knowledge the agent of the company might have had from him, or from any other person, relating to the subject-matter inquired about. But the court declined to so instruct, without qualification, but did instruct that, if the insured accepted the policy with the knowledge that the answers were in the words as they appeared at the trial, those words could not be altered or changed, or their meaning altered or changed, by the introduction of parol evidence, and that, although the agent of the company was aware from other sources that the answers were untrue, yet, if they were knowingly made by the insured, and adopted by him, and their truth made the test of the validity of the policy, he was bound by them.

[NOTE. The statement of the case above and the points decided is taken from 2 May, Ins. (3d. Ed.) § 500. The case is nowhere reported; opinion not now accessible.]